## Di Rado, etc., et al. v. City of Greensburg et al.

*R. Reginald Belden* and *Paul K. McCormick*, for plaintiffs.

*Daniel J. Snyder, Jr.*, and *Robert L. Potts*, for defendants.

O'CONNELL, J., October 9, 1951.—This case comes before the court on a case stated, after a bill of complaint had been filed by Dominick C. Di Rado, trading and doing business as Di Rado Distributing Company, and seven other beer distributors of the City of Greensburg in which bill of complaint they ask that the City of Greensburg, a municipal corporation, Henry S. Coshey, mayor, and Frank G. Reamer, city treasurer, be enjoined and restrained from collecting or attempting to collect from plaintiffs the tax of one mill on the dollar of gross receipts of every wholesale vendor and the tax of one and one-half mills on the dollar of gross receipts of every retail vendor levied and assessed by

the terms of the resolution of the Council of the City of Greensburg, dated November 29, 1950, known as Ordinance No. 375. Defendants filed an answer to the complaint and subsequently the parties agreed to submit the matter to the court en banc for decision on a case stated.

It is agreed that all of the plaintiffs are residents of the City of Greensburg, Westmoreland County, Pa., and each plaintiff is a distributor of malt and brewed beverages and duly licensed by the Pennsylvania Liquor Control Board to engage in the purchase and resale of malt and brewed beverages under the Pennsylvania Beverage License Law of 1933, its supplements and amendments.

It is agreed that defendant, the City of Greensburg, is a municipal corporation of the third class, and that Henry S. Coshey is the mayor of that city, and Frank G. Reamer is the treasurer of the city.

It is agreed that two of the plaintiffs are the holders of distributors' licenses and pay an annual fee of $400 to the Commonwealth of Pennsylvania, and the other six plaintiffs are the holders of importing distributors' licenses and are required to pay an annual fee of $900.

On June 25, 1947, the General Assembly of the Commonwealth of Pennsylvania passed the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1, which empowers cities of the third class and other municipalities to levy taxes on persons, transactions, occupations, privileges, and personal property which are not now and do not hereafter become subject to a State tax or license fee.

The City of Greensburg enacted its mercantile tax ordinance November 29, 1950, pursuant to the authority contained in the Act of June 25, 1947, as amended, said ordinance being known as Ordinance No. 375. This ordinance imposes an annual tax of one mill on

the dollar of the gross receipts of every wholesale vendor and a tax of one and one-half mills on the dollar on gross receipts of every retail vendor. This ordinance requires every vendor, subject to the tax, to make a quarter annual return to the city treasurer, showing the gross receipts taxable under the ordinance during the previous three-month period.

The question before the court is whether or not plaintiffs must pay a mercantile tax provided for by Ordinance No. 375, or whether the City of Greensburg is prohibited from imposing the tax or license fee on plaintiffs by reason of the provisions contained in section 1 of the Act of June 25, 1947, as amended, or under section 9 of the ordinance. Plaintiffs have asked for an injunction enjoining defendants from imposing the mercantile tax on them. Defendants, in an exhaustive brief, cite many cases which hold that a mercantile license tax is an excise tax on the privilege of doing business and are cases in which the court held that the fees paid by the objector were not license fees, which would exempt them under the act of 1947, above referred to.

In the case of Armour and Company v. Pittsburgh et al., 363 Pa. 109, 113, a license fee is defined as follows:

" 'A license fee is a charge which is imposed by the sovereign, in the exercise of its police power, upon a person within its jurisdiction for the privilege of performing certain acts and which has for its purpose the defraying of the expense of the regulation of such acts for the benefit of the general public.' "

We are of the opinion that the fees paid by the beer distributors, plaintiffs herein, are license fees as defined above. Nothing could be more generally known than that the fees derived from beer and liquor licenses are not revenue measures but that the fees are used and were designed for use in defraying the expense of

the regulation of the liquor laws. The legislature has passed two acts, one known as the Beverage License Law, the regulatory statute, and the other the Malt Beverage Tax Law, which is the revenue producer. That this Beverage License Law was designed for the purpose of regulating the malt beverage and liquor licensees is further evidenced by the fact that all of the money derived from retail licensees is distributed by the State to the municipalities and townships in which the retailer has his place of business. The purpose of this distribution of funds is to enable the municipalities, through their police departments, to regulate, control and assist the State in the enforcement of the rules and regulations governing the dispensing of alcoholic beverages.

The few cases in which the courts have held that the fees paid were not license fees are cases in which the retailer paid a small fee to cover the cost of registration, such as the cigarette and packing house registration fees. We are of the opinion that these malt beverage licenses are similar to the license fee paid by the milk dealers and that this case is governed by the case of the Pittsburgh Milk Company v. Pittsburgh et al., 360 Pa. 360, and we are of the opinion that the City of Greensburg cannot legally levy a mercantile tax on plaintiffs in this case, and we therefore enter the following order:

And now, to wit, October 9, 1951, a case stated having been presented to this court and after due and careful consideration of the same, it is ordered adjudged and decreed that defendants, the City of Greensburg, a municipal corporation, Henry S. Coshey, mayor, and Frank G. Reamer, city treasurer, be and they hereby are enjoined and restrained from collecting or attempting to collect from plaintiffs, Dominick C. Di Rado, trading as Di Rado Distributing Company; Edgar T. Helman, trading as Jock's Distributing Com-

pany; Michael A. DeBone, trading as Hill Top Distributing Company; Alfonse J. Tarara, trading as Greensburg Bottling Company; Joseph Policastro, Jr., and Alice Policastro, trading as West End Distributing Company; Peter Wast, trading as Westmoreland Distributing Company; Joseph J. Conwell, trading as Conwell Distributing Company, and J. Iannuzzo, trading as Greensburg Beverage, the tax of one mill on the dollar of gross receipts of every wholesale transaction, and the tax of one and one-half mills on the dollar of gross receipts of every retail transaction, levied and assessed by the terms of the resolution of the Council of the City of Greensburg, dated November 29, 1950, and known as Ordinance No. 375.

It is further ordered that the City of Greensburg pay the cost of this proceeding.